# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Criminal Action No. 6:05-cr-16 (HL) |
| **MARTIN L. HARRELL,** : | Criminal Action No. 6:05-cr-17 (HL) |
| : | |
| Defendant. : | |

## ORDER

This matter came before the Court for hearing on August 30, 2005. After hearing evidence and argument concerning the bond of Defendant, Martin L. Harrell, the Court finds that there are no conditions or combination of conditions that will reasonably assure the safety of Julie Harrell and the community and hereby revokes the release orders issued on July 20, 2005, in case number 6:05-cr-16, and on August 29, 2005, in case number 6:05-cr-17, as more fully set forth below.

Harrell was initially indicted in this Court on July 20, 2005, and charged with one count of arson and two counts of witness tampering. Following his arrest, Harrell was brought before United States Magistrate Judge Richard L. Hodge, who set Harrell's bond at $25,000, fully secured. The Government immediately moved for revocation of Harrell's release order. The Government's motion was heard by United States District Court Judge Duross Fitzpatrick on August 2, 2005.

At the revocation hearing held by Judge Fitzpatrick, in support of its position, the Government made various allegations as to Harrell's involvement in other crimes, including a murder. The Government indicated that it intended to indict Harrell for new offenses under the Hobbs Act. Based on the Government's representations, Judge Fitzpatrick elected to defer ruling on the motion. Thereafter, Judge Hodge entered an order staying his Order Setting Conditions of Release.

On August 3, 2005, the Government filed complaints against Martin Harrell and his father, Charles Harrell, alleging they had committed offenses in violation of the Hobbs Act. Charles Harrell was arrested the same day and went before Judge Hodge on August 8, 2005; Judge Hodge set Charles Harrell's bond at $100,000, unsecured. However, Charles Harrell's bond was later revoked after this Court found that he violated the conditions of his release.

On August 29, 2005, Martin Harrell was arrested on the Hobbs Act charges. On the same day, Judge Hodge entered an Order Setting Conditions of Release as to Harrell, setting Harrell's bond at $60,000, fully secured. However, Judge Hodge stayed the Order Setting Conditions of Release pending review of that Order by this Court. This Court held a hearing on August 31, 2005, to review Martin Harrell's bond and it is that hearing that is the subject of this Order.

Section 3145 of Title 18 permits the Government to file a motion for revocation of a release order, 18 U.S.C.A. § 3145(a)(1) (West Supp. 2005), and permits a detainee to file a motion for revocation or amendment of a detention order, 18 U.S.C.A. § 3145(b) (West Supp.

2005). In the context of a § 3145(b) motion, the United States Court of Appeals for the Eleventh Circuit has explained that a district court reviewing a magistrate judge's order of detention has two options: (1) he may make his decision "based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing" or (2) he may conduct an evidentiary hearing to consider additional evidence or to resolve factual issues not addressed by the magistrate judge. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). Thus, a district court may, but is not required to, conduct a *de novo* hearing to consider additional evidence when reviewing a magistrate judge's release or detention order.

At the hearing on August 30, 2005, the Government presented substantially the same evidence that was presented to Judge Hodge on August 29, 2005, plus additional evidence.[1] Because the Court is making its determination based on evidence that was presented to Judge Hodge, as well as additional evidence, the Court's determination will be made *de novo*. Following *de novo* consideration of the evidence, the Court finds that detention is warranted.

---

[1] The Court disagrees with the statement made by counsel for Martin Harrell, W. Edward Meeks, Jr., as presented in his letter brief dated September 1, 2005. In the letter brief, counsel asserts that "The parties have stipulated that the evidence heard before this Court on August 30, 2005 is substantially the same evidence that the Magistrate Court heard on August 29, 2005, and that no new or additional evidence has been presented." (Meeks letter of Sept. 1, 2005 at 2.) The stipulation to which counsel refers was made toward the end of the hearing while the parties and the Court were debating whether there was any need to wait for the transcript of the hearing held before Judge Hodge on August 29, 2005. All parties agreed that the testimony presented to Judge Hodge on August 29, 2005, had also been presented to the Court on August 30, 2005, and that there was no need for the Court to await that transcript. The stipulation did not include a determination that no new or additional evidence was presented to this Court on August 30, 2005. To the contrary, comments by the parties throughout the hearing made clear that evidence was being presented on August 30, 2005, that had not previously been presented to the Magistrate Judge.

When considering whether to detain or release a defendant, a judicial officer must "determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(f) (West Supp. 2005).[2] In reaching a determination, the judicial officer must consider specified factors, which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C.A. § 3142(g) (West 2000 & Supp. 2005). Applying the § 3142(g) factors in this case, the Court finds that they weigh in favor of detention:

1.  The Nature and Circumstances of the Offense Charged

The term "crime of violence," as it is used in § 3142(g), is defined, in part, as follows:

(A) an offense that has [as] an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 3156(a)(4) (West 2000). Arson, as that offense is set forth in 18 U.S.C.A.

---

[2] Although the statute is written in the conjunctive, suggesting that the judicial officer must find that no combination of conditions will assure the appearance of the defendant **and** the safety of the community, the courts have considered the two requirements in the disjunctive. Thus, a finding as to either will be sufficient. *See, e.g.,* United States v. Daniels, 772 F.2d 382, 383 (7th Cir. 1985) (finding that likelihood to flee and likelihood to commit more crimes "are distinct statutory sources of authority to detain"). *See also* King, 849 F.2d at 489 (citing Daniels, but noting that the Eleventh Circuit has not directly addressed the issue).

§ 844(i), and charged here in case number 6:05-cr-16, is a crime of violence. *See* United States v. Mitchell, 23 F.3d 1, 2 n.3 (1st Cir. 1994), and cases cited therein. Furthermore, the arson was allegedly committed at a hotel, while it was occupied, resulting in a substantial risk of the loss of life. Thus, the nature and circumstances of the offense charged in case number 6:05-cr-16 weigh in favor of detention.

With respect to case number 6:05-cr-17, the nature and circumstances of the offense also weigh in favor of detention. The indictment charges that Harrell interfered with commerce by threats and intimidation. The evidence at the hearing linked Harrell with two men who allegedly threatened Bill Chandler and his wife for failing to pay someone money that was owed. The testimony at trial showed that Chandler and Harrell were involved in a dispute about how much money was owed to Harrell by Chandler. Thus, the nature and circumstances of the offense are violent and threatening and, as such, weigh in favor of detention.

2. The Weight of the Evidence Against the Defendant

The evidence with respect to Harrell's involvement in the arson was compelling. Among other things, the evidence at the hearing showed that Harrell was acquainted with the owner of the hotel; a confidential informant claimed that Harrell had attempted to recruit him to assist with setting a fire; the type of accelerant used at the fire was of the same type kept by Harrell at his farm; Harrell went out late on the night of the fire and when he returned to his home, he stripped off his clothes and placed them in the washing machine; and Harrell's wife noticed the smell of diesel fuel on Harrell's person when he returned home. Given the testimony as to these

facts, the weight of the evidence against Harrell is strong and supports the conclusion that detention is warranted.

3.  The History and Characteristics of the Person

At the hearing before Judge Hodge on July 25, 2005, Defendant presented several witnesses who testified that Harrell was a good citizen and a good father.  There is substantial evidence in the record as to Harrell's good reputation in the community. Furthermore, it appears that Harrell has no prior criminal convictions.  He has six prior arrests, most of which occurred more than seven years ago, but none of them resulted in convictions.  However, four of the arrests involved violent or threatening conduct, such as pointing a gun at another, criminal damage to property, terroristic threats, and disorderly conduct.

Although Harrell presented evidence to the Magistrate Judge of his good characteristics and good reputation in the community, there was evidence presented on August 30, 2005, that Harrell has a history of physically abusing his wife and children.  A Government witness detailed conversations he had with Harrell's wife in which she related numerous instances of physical abuse during the course of the marriage.  Thus, Harrell's evidence of good character and his lack of criminal convictions is countered by other evidence showing that he is a violent individual.

4.  The Nature and Seriousness of the Danger to any Person or the Community

The fourth and final factor listed in § 3142(g) requires a consideration of the "nature and seriousness of the danger to any person or the community that would be posed by the person's

release." 18 U.S.C.A. § 3142(g)(4) (West 2000). The Court finds that the evidence as to this factor weighs in favor of detention.

Initially, the Court finds that Harrell presents a danger to the community. There is compelling evidence that Harrell was involved in the arson of an occupied hotel. The total disregard for life demonstrated by such conduct supports a finding that Harrell presents a serious danger to the community. In the Court's view, the nature of the offense, the weight of the evidence as to Harrell's involvement in the arson, and the evidence of his violent character, coupled with the disregard for life shown by the location of the fire, are sufficient to warrant detention. This case offers even more of a basis for detention, however.

Harrell's wife, Julie Harrell, is expected to be a key witness for the Government in its prosecution of Harrell. The evidence of Harrell's history of abusive conduct toward his wife, coupled with evidence of his involvement in other events involving threats, such as those charged in case number 6:05-cr-17, persuades the Court that Harrell's release would pose a serious risk of danger to Julie Harrell. Thus, the Court finds that the nature and seriousness of the danger to the community in general, and Julie Harrell in particular, warrant detention in this case.

After weighing the evidence and applying the § 3142(g) factors, the Court is of the opinion that no conditions or combination of conditions will reasonably assure the safety of Julie Harrell and the community. In view of the foregoing, therefore, the Court hereby revokes the release orders issued on July 20, 2005, in case number 6:05-cr-16, and on August 29, 2005,

in case number 6:05-cr-17.  In accordance with 18 U.S.C.A. § 3142(i), the Court directs that Martin Harrell be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that he be afforded reasonable opportunity for private consultation with his counsel; and that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which he is confined deliver Defendant to a United States Marshall for the purpose of an appearance in connection with a court proceeding.

      **SO ORDERED**, this the 2nd day of September, 2005.


                                          **s/   Hugh Lawson**
                                          **HUGH LAWSON, JUDGE**

mls