IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| **MARTIN L. HARRELL,** | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| Defendant. | : | |
| _____ | | |

## ORDER

Defendant, Martin L. Harrell, has filed a Motion for Appointment of Counsel [doc. 382], in which he requests the Court to appoint an attorney to represent him in the appeal of his case. Harrell was represented at trial by retained counsel, Eddie Meeks. Both the local rules of this Court and the rules of the United States Court of Appeals for the Eleventh Circuit require retained counsel to continue to represent a defendant until the appeal is final or until relieved by the Court. *See* 11th Cir. R., Add. IV(d)(2) ("Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Act, and may not abandon or cease representation of a defendant except upon order of this court."); Local Crim. R. 57(D)(1) ("In every criminal case retained defense attorneys shall make fee and other necessary financial arrangements satisfactory to themselves and sufficient to provide for representation of the client until the conclusion of the client's case. For purposes of this rule, a client's case is not concluded until his direct appeal, if any, is finally decided.")

As suggested by the foregoing rules, Eddie Meeks is under an obligation to represent

Martin Harrell on his direct appeal. Therefore, Harrell's request for appointment of appellate counsel is denied as moot.

**SO ORDERED**, this the 19th day of September, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls