# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| **W. DEXTER HARRISON,** | : | |
| **MARTIN L. HARRELL, and** | : | |
| **CHARLES L. HARRELL,** | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

## ORDER

Before the Court is a Motion to Withdraw as Attorney (doc. # 386) filed by W. Edward Meeks, Jr. ("Meeks"), counsel for Martin L. Harrell ("Harrell").  For the reasons set forth below, the Motion is denied.

Meeks has represented Harrell throughout the course of the present matter, including a jury trial that concluded with Harrell's conviction on four counts (doc. # 223)[1] as well as Harrell's plea of guilty (doc. # 319) to another charge in the same indictment.  The Court recently received a Motion for Appointment of Counsel (doc. # 382) from Harrell in which he requested the Court appoint an attorney to represent him in the appeal of his case.  The Court denied the motion as moot in an Order (doc. #383) that emphasized how both the local rules of this Court and the rules of the United States Court of Appeals for the Eleventh Circuit require

---

[1] The same jury found Harrell not guilty of three additional charges.  (Doc. # 223.)

1

retained counsel to continue to represent a defendant until the appeal is final or until relieved by the Court. Meeks has now filed his own motion to withdraw as Harrell's attorney.

Initially, the Court notes Meeks has acknowledged the rules of this Court[2] generally require that an attorney who is retained at the trial level remain as attorney for the defendant on appeal. (Doc. # 386 at ¶ 5.) Nevertheless, Meeks asserts that he cannot continue to represent Harrell on appeal. The primary rationale Meeks offers to excuse his prospective withdrawal is that Harrell has informed him that he wishes to make ineffective assistance of counsel claims on appeal. (Id. at ¶ 3.)[3]

The general rule in the Eleventh Circuit is that claims of ineffective assistance of counsel are not considered on direct appeal. See, e.g., United States v. Camacho, 40 F.3d 349, 355 (11th Cir. 1994), overruled in part on other grounds, United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001) (en banc). The primary reason offered for the rule is that the record regarding the merits of ineffective assistance claims is generally insufficient to allow the appellate court to

---

[2] The Local Criminal Rules of the United States District Court for the Middle District of Georgia state that "In every criminal case retained defense attorneys shall make fee and other necessary financial arrangements satisfactory to themselves and sufficient to provide for representation of the client until the conclusion of the client's case. For purposes of this rule, a client's case is not concluded until his direct appeal, if any, is finally decided." Local Crim. R. 57(D)(1).

[3] Meeks offers two other reasons why the Court should excuse him from representing Harrell on appeal. First, Meeks states Harrell refuses to accept Meeks' advice. (Doc. # 386 at ¶¶ 4, 6.) Second, Meeks contends he is of the opinion that there is no legal basis to appeal the Court's decision to depart from the guidelines, which is the only matter Harrell may raise on direct appeal. (Id. at ¶¶ 2, 4.) As to the first point, the Court will not excuse Meeks from his representation simply because he and his client are not the best of friends and expects Meeks will continue to operate in the professional manner with his client that the Court is sure Meeks has to date. Regarding the second point, the Court offers no opinion on the merits of Harrell's appeal, nor on any alternate course of action Meeks may wish to pursue.

address them.  Instead, "[a]n ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Butler, 41 F.3d 1435, 1437 n.1 (11th Cir. 1995).

In view of the general rule of this Circuit, it appears unlikely that Harrell will be allowed to raise his claims of ineffective assistance of counsel on direct appeal.  It thus appears to the Court that it would be inefficient to remove the attorney most familiar with the case, and therefore in the best position to handle the appeal, on the basis of allegations that most likely will not be considered by the appellate court.  The Court does note, however, that Meeks was privately retained by Harrell.  Thus, if Harrell wishes to bear the cost of retaining a new attorney to represent him, he will be allowed to do so.  However, the Court will not allow Meeks to withdraw until such time as the new attorney files an entry of appearance.

### III.  CONCLUSION

The "Motion to Withdraw as Attorney" (doc. # 386) filed by W. Edward Meeks, Jr., counsel for Martin L. Harrell, is denied.

If, however, new retained counsel should file an entry of appearance on behalf of Harrell, then Meeks will be allowed to withdraw.

SO ORDERED, this the 3rd day of October, 2006.

                                                s/   Hugh Lawson
                                                HUGH LAWSON, JUDGE

pdl